**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUHAMMED RUHEL MIAH,

      Petitioner,

  v.

PAMELA BONDI, Attorney General,

      Respondent.

No.   17-72150
       18-70264

Agency No. A206-676-202

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Seattle, Washington

Before: PAEZ, BEA, and BRESS, Circuit Judges.

Petitioner Muhammed Ruhel Miah ("Ruhel Miah"), a native and citizen of

Bangladesh, petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing his appeal of an Immigration Judge's ("IJ") decision, which

denied his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). Ruhel Miah also seeks review of a

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision

decision of the BIA denying his motion to reconsider and motion to reopen based on his later taking a polygraph examination to refute the IJ's adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252. Where "the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation modified). "We review factual findings, including adverse credibility decisions, under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We review BIA decisions on a motion to reconsider a final order of removal for abuse of discretion. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). We review BIA decisions on a motion to reopen for abuse of discretion. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). We deny the petition.

1. Ruhel Miah forfeited review of the Agency's alternative merits-based denial of relief, based on the BIA's adoption of the IJ decision, that Ruhel Miah did not qualify for asylum or withholding of removal because he lacked a well-founded fear of future persecution. Ruhel Miah also forfeited review of the Agency's denial of his application for CAT protection. Ruhel Miah's opening brief claims only that "he presented sufficient evidence of eligibility" for asylum,

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

withholding of removal, and CAT protection. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (citation modified) (court need not address issue mentioned in a single sentence of the opening brief without any coherent development of the argument); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (same).

2. For similar reasons, Ruhel Miah likely forfeited review of the Agency's denial of asylum and withholding relief on adverse credibility grounds because his opening brief argues only that "the discrepancies were minor and did not go to the heart of Mr. Ruhel's claims." Even if we considered this argument, substantial evidence supports the adverse credibility determination based on the substantive discrepancies between Ruhel Miah's testimony and declaration and material omissions of significant details in his written declaration. The record does not compel a contrary conclusion, which is dispositive of Ruhel Miah's claims.

3. The BIA did not abuse its discretion in denying Ruhel Miah's motion to reconsider because his motion simply repeated his prior argument that the Agency erred in its credibility determination because the discrepancies in his testimony were minor without identifying how the BIA committed error. 8 C.F.R. § 1003.2(b)(1); *see Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision."). Nor did the BIA abuse its discretion in denying his motion to

reopen for consideration of polygraph evidence because "polygraph evidence cannot serve as the basis for reopening under 8 C.F.R. § 1003.2(c)." *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007).

4. Ruhel Miah's argument that the immigration court lacked jurisdiction, pursuant to *Pereira v. Sessions*, 585 U.S. 198 (2018), because the notice to appear lacked the time and location of the hearing is foreclosed by our decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding "that the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction"). As happened in this case, the "filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies with the requirements of [8 C.F.R. § 1003.14]" and does not deprive the immigration court of jurisdiction. *Id.* at 1193.

**PETITION DENIED.**